UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BOBBI JACKSON and
MATTHEW JACKSON,

                Plaintiffs,

v.

BANK OF AMERICA, N.A.,

                Defendant.

Case # 16-CV-787-FPG-HBS

DECISION AND ORDER

      Plaintiffs Bobbi and Matthew Jackson filed a putative class action complaint on September 30, 2016 against Defendant Bank of America under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, its implementing regulations, 12 C.F.R. §§ 1024.1-1024.41, and Section 349 of New York's General Business Law ("GBL"). On December 6, 2016, Defendant moved to dismiss the Complaint. ECF No. 6. On November 21, 2017, the Court granted in part and denied in part Defendant's Motion to Dismiss and referred the case to Magistrate Judge Hugh B. Scott. ECF Nos. 15, 16.

      On February 28, 2018, Plaintiffs moved for leave to amend the Complaint to add Illinois residents McKinley and Angel Moses as plaintiffs to the case. ECF No. 30. Defendant opposed the Motion to Amend chiefly on jurisdictional grounds. ECF No. 32. The parties conducted oral argument on the Motion to Amend before Magistrate Judge Scott on May 3, 2018. ECF No. 36. On May 25, 2018, Magistrate Judge Scott denied Plaintiff's Motion to Amend, finding that the Court lacked personal jurisdiction over Bank of America with respect to the Moseses. ECF No. 32.

1

On June 22, 2018, Plaintiffs filed objections to Magistrate Judge Scott's decision, arguing that he failed to correctly interpret U.S. Supreme Court precedent. ECF No. 49. Defendant filed a memorandum in opposition to Plaintiffs' objections on July 13, 2018. ECF No. 57.

After reviewing Magistrate Judge Scott's order and the parties' positions, the Court upholds the order under the clearly erroneous standard. *See Palmer v. Monroe Cnty. Sheriff*, 378 F. Supp. 2d 284, 289 (W.D.N.Y. 2005). As Magistrate Judge Scott noted in his decision, amendment would be futile because the Court lacks both specific and general personal jurisdiction over the Moseses' proposed claims. ECF No. 32 at 11. The U.S. Supreme Court's decision in *Daimler AG v. Bauman*, 571 U.S. 117 (2014), firmly supports Magistrate Judge Scott's decision regarding general jurisdiction, and his analysis of specific jurisdiction is also unassailably supported by law. Additionally, the Court will not allow Plaintiffs to conduct jurisdictional discovery because they have not "made a sufficient start towards establishing personal jurisdiction." *Albino v. Global Equip. USA, Ltd.*, No. 6:14-cv-6519 (MAT), 2017 WL 372056, at *5 (W.D.N.Y. Jan. 26, 2017).

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Amend (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated: September 25, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court